```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
RICHARD GLOWINSKI,

                           Plaintiff,            06-CV-6557T

            v.                                   DECISION
                                                 and ORDER
TOMMY THOMPSON, as Secretary of the
Department of Health and Human Services,
and INDEPENDENT HEALTH, a Medicare Plus
Choice Organization,

                           Defendant.
_____
```

INTRODUCTION

Plaintiff Richard Glowinski ("Glowinski") brings this action against defendants Tommy Thompson, as Secretary of the Department of Health and Human Services (hereinafter "the Secretary"), and Independent Health Association, Inc. ("Independent Health") seeking reversal of the Secretary's decision denying his application for certain Medicare benefits. Specifically, plaintiff seeks reimbursement for care that was provided to him by the Cleveland Clinic, in Cleveland, Ohio from October, 1998 to February, 1999. Although Glowinski had received a medical referral to the clinic from his primary care physician, the expenses incurred were not reimbursed by Independent Health because Glowinski, in contravention of the provisions of his insurance policy, had failed to obtain permission from Independent Health for the treatment prior to receiving his care. Because Glowinski had failed to obtain preauthorization from Independent Health, and because Independent Health determined that the expenses incurred were not eligible for coverage on grounds that Glowinski could have received

the same care from a local provider, Independent Health denied plaintiff's claim for coverage.

The Secretary and Independent Health now move for judgment on the pleadings on grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law. Plaintiff opposes the defendants' motion, and cross-moves for judgment on the pleadings in his favor. For the reasons set forth below, I deny defendants' motions for summary judgment and grant plaintiff's cross-motion for summary judgment.

## DISCUSSION

Plaintiff Richard Glowinski is a 76 year-old retiree who participates in the Medicare program. From October 1998 through February 1999, Glowinski was treated at the Cleveland Clinic, in Cleveland, Ohio, for a persistent and painful urological problem from which he had suffered for approximately 10 years. At the time of his treatment, Glowinski was enrolled in a "Medicare + Choice" plan administered by Independent Health.[1] Under the terms of the plan, expenses for non-emergency medical services provided by out-of-area providers were not covered absent a referral from the participant's primary care doctor, and pre-approval from Independent Health. Though it was the patient's responsibility to obtain both a referral from the doctor and pre-approval from Independent Health, it was the physician's responsibility to submit

---

[1] The "Medicare+Choice" program was created by Act of Congress in 1997. The program was replaced in 2006 by the Medicare Advantage Program.

a request for pre-authorization and documentation in support of the request.

In October, 1998, the plaintiff received a referral from his primary care physician, Doctor Youngman Kim, to receive treatment at the Cleveland Clinic for plaintiff's ongoing urological problems. According to Independent Health's records, on October 16, 1998, Glowinski called Independent Health for the purpose of discussing a separate matter related to an out-of-area service provider. According to notes taken by an Independent Health Operator, during the conversation, Glowinski informed Independent Health that he had received a referral from Dr. Kim to attend the Cleveland Clinic. <u>Secretary's Memorandum of Law in Support of Motion for Summary Judgment</u> at p. 8. In response to Mr. Glowinski's representation, Independent Health informed Glowinski that there was no record of Dr. Kim having requested pre-authorization for any visits to the Cleveland Clinic. <u>Id.</u> Glowinski was further informed that Dr. Kim needed to make an out-of-plan request to Independent Health for the purpose of obtaining authorization to have expenses incurred at the Cleveland Clinic reimbursed. <u>Id.</u>

Although the record indicates that Glowinski had already obtained a medical referral to the Cleveland Clinic from Dr. Kim, Glowinski testified at his administrative hearing that on October 27, 1998, he obtained a written referral to the Cleveland Clinic from Dr. Kim, and that on the same day, he drove to Cleveland for

treatment. He was seen at the Clinic on that day, and on four other occasions between October 1998 and February 1999.

In February, 1999, the Cleveland Clinic contacted Dr. Kim and informed him that Independent Health had no record of Dr. Kim having submitted a request for authorization of Glowinski's treatment at the Clinic. Thereafter, on February 2, 1999, Dr. Kim submitted a request to Independent Health for approval of Glowinski's treatment at the Clinic. According to Independent Health's records, Kim had failed to make any request prior to February 2, 1999, and had failed to make the request for approval at the time he gave Glowinski the medical referral to the Cleveland Clinic. On February 5, 1999, Independent Health, for the first time, denied coverage for Glowinski's visits to the Clinic on grounds that the treatment provided to Glowinski was available locally, and therefore treatment with the out-of-area provider was not necessary. Following the denial of coverage, Glowinski continued to treat with the Cleveland Clinic, but seeks reimbursement only for the visits he made prior to February 5, 1999, the date on which Independent Health disclaimed coverage.

The plaintiff moves for judgment on the pleadings on grounds that he reasonably believed that his visits to the Cleveland Clinic prior to February 5, 1999 would be covered because he had received a medical referral from his doctor to go to the clinic, and the only reason that he had not received authorization from Independent Health was because his doctor had not submitted the required paperwork to Independent Health. In support of this argument,

plaintiff cites a portion of the Medicare Health Maintenance Organization/Competitive Medical Plan ("HMO/CMP") Manual which states in relevant part:

> If one of your physicians provides or directs a beneficiary to receive a covered Medicare service without following your internal procedures, then pay for the service. Do not penalize a beneficiary who has already received a service if the authorizing physician's referral was improper or the specialist delivered the service without the necessary authorization.

HMO/CMP Manual § 2116.40

    I find that this section of the HMO/CMP Manual applies in this case, and warrants payment of plaintiff's expenses for his visits to the Cleveland Clinic from October 1998 to February 5, 1999. It is clear from the record that although Dr. Kim issued a referral to Glowinski for treatment at the Cleveland Clinic, he failed to request authorization from Independent Health or supply necessary paperwork in support of such a request until February, 1999. It is also clear that the Cleveland Clinic provided treatment to Glowinski without the necessary authorization prior to February 5, 1999. Once Dr. Kim made the proper request for authorization, Independent Health issued its first written denial of coverage for plaintiff's Cleveland Clinic Care. The request, however, and the written denial, were issued after Glowinski had already received his treatment. Accordingly, Glowinski, under the terms of the HMO/CMP Manual, should not be penalized for his doctor's failure to comply with Independent Health's internal procedures of requiring a physician to forward a request for out-of-area care

when a referral for such care is issued, and for the Cleveland Clinic's decision to treat the plaintiff even though it had not received the proper authorization.

Independent Health contends that Section 2116.40 of the HMO/CMP Manual does not apply in this case because there was no referral to the Cleveland Clinic.  In support of this claim, Independent Health notes that no written referral has been produced either by the plaintiff, the Cleveland Clinic, or Dr. Kim.  I find, however, that the weight of the evidence supports a finding that a referral was issued to the plaintiff in October, 1998.

Independent Health also contends that the Section 2116.40 of the Manual applies only to post-service coverage denials: as opposed to the instant case, which, in its opinion, involves the denial of a request for out-of-area services.  While such a distinction would perhaps be significant in a case where the patient's physician had made a timely request for authorization prior to the patient receiving services, in the instant case, the request for authorization of out-of-area care was made <u>after</u> the patient had already received the treatment.  Accordingly, the decision to deny the request for services was identical to a post-service denial of coverage.

Both defendants contend that regardless of the provision of Section 2116.40 cited above, the plaintiff is not entitled to coverage because he was informed by the Cleveland Clinic that he was or could be personally liable for the treatment he received there if it was not covered by Medicare.  Defendants argue that

because plaintiff was informed of his potential liability for the costs of his care, he may not rely on the provision of Section 2116.40 cited above. In support of this argument, defendants cite a separate provision of Section 2116.40 which provides in relevant part that "[i]f a Medicare beneficiary receives services under the direction or authorization of a plan physician . . . and the beneficiary has not been informed that he or she is liable for the costs of such services, then [the insurer] must pay for such services." HMO/CMP Manual § 2116.40. This section is inapposite, however, as the beneficiary in this case was informed that he may be liable for the cost of treatment if it was not covered by Medicare. Further, the mere fact that a beneficiary does not have to pay for services if he is not informed before hand of his liability for the costs of those services does not lead to the conclusion that the beneficiary is liable for all costs if he is informed that he may be liable. If the care at issue is legitimately covered by Medicare, the patient would not be responsible for such costs even if he had been informed by the caregiver that the service was not covered. Accordingly, I find that although the plaintiff was informed by the Cleveland Clinic that he may be liable for expenses not covered by Medicare, this fact does not override the fact that his primary care physician failed to make a timely request for authorization of his treatment. Because the plaintiff's doctor failed to make a timely request for authorization, and because the Cleveland Clinic provided services without first obtaining written authorization to do so, I find that the beneficiary-protection portion of Section 2116.40 applies, and

therefore plaintiff should not be penalized for his doctor's failure to comply with Independent Health's internal procedures. Accordingly, for the reasons set forth above, I deny defendants' motions for judgment on the pleadings, grant plaintiff's cross-motion for judgment on the pleadings, and remand this case solely for calculation and payment of benefits for services provided by the Cleveland Clinic prior to February 5, 1999.

      ALL OF THE ABOVE IS SO ORDERED.

                            S/ Michael A. Telesca
                            _____
                            MICHAEL A. TELESCA
                       United States District Judge

Dated:   Rochester, New York
           November 20, 2006